## James Kirby *et al.*

### *v.*

## Frank Douglas *et al.*

1. Trespass — *consequential damages.* In trespass for breaking and entering plaintiff's close and carrying away certain tools and chattels, the defendant attempted to justify the entry to distrain for rent due and in arrear, but the defense failed on account of a variance in the allegations and proof as to the terms of the leasing; but it was *held,* the general issue being pleaded, that, if the relation of landlord and tenant existed, and the entry was made to distrain for rent in arrear, no consequential damages could be allowed the plaintiff for an injury to his business.

2. Same — *damages, recoupment.* If tenants abandon the premises leased by them, or are about abandoning them, and the landlord enters and distrains for rent due and in arrear, in trespass by the tenants, under the general issue, the plaintiffs can only recover the value of the property taken, after deducting therefrom the proceeds of it which were applied in payment of the rent due, with legal interest on the balance.

Appeal from the Superior Court of Cook county ; the Hon. Joseph E. Gary, Judge, presiding.

This was an action of trespass, by James Kirby and John B. Wiggins against Frank Douglas and the Frank Douglas Machinery Company, for breaking and entering plaintiffs' premises and taking and carrying away certain tools and chattels.

The defendants pleaded the general issue, and a special plea justifying the entry, etc., to distrain for rent in arrear, but, owing to a variance between the plea and the evidence offered as to the time when the rent was payable, the court instructed the jury that the justification failed, but the facts shown might be considered in mitigation of damages.

The jury found the defendants guilty, and assessed the plaintiffs' damages at one cent, upon which judgment was rendered, and from which the plaintiffs appealed.

. Messrs. McDAID, WILSON & PICHER, for the appellants.

Messrs. CARTER, BECKER & DALE, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of trespass for breaking and entering plaintiffs' close and taking and carrying away certain tools and chattels.

The plea was, not guilty, and a special plea, on which the case turned, that defendants entered to distrain for rent due and in arrear. Issue was joined, and the cause went to the jury on instructions from the court, on which the principal questions arise.

As to the facts, we think the evidence sustains the finding of the jury. There was no wilful trespass, but an entry for the purpose of distraining for rent in arrear, and the property seized did not exceed in value twenty dollars; that the lessees had abandoned or were about to abandon the premises, leaving the rent unpaid, is sufficiently proved. Kirby's son testified that he had bought the partition of the lessees, and that they had moved out two saw tables, a planing machine and a main shaft, the most valuable portion of the goods. The balance left, of little value, was taken under the warrant.

The instruction complained of was given by the court on its own motion, and was as follows:

" The first question in this case is, whether both the plaintiffs

were the occupants of the premises or tenants of the defend-
ants. If they were partners, and the letting was to them as a
firm, it does not matter that Wiggins gave no personal atten-
tion to the business. His interest would be the same as if he
did attend personally.

"*Second.* Whether the plaintiff had abandoned the premises.
This is for the jury to determine, from the evidence, but, in
order to constitute an abandonment, the plaintiffs must have
actually moved from the premises, without the intention of
returning.

"*Third.* Whether the defendants were justified in what they
did. If the plaintiffs were the tenants of the defendants, at
the rent of $50 per month, payable monthly in advance, on
the first day of each month, and defendants entered to distrain
for the February rent, that, in the state of the pleadings, would
be a complete defense to this case; but if there was no agree-
ment that the rent should be paid in advance, then, by reason
of a variance, this defense, as a complete technical defense to
the whole case, fails, and this relation of landlord and tenant
can only be considered in assessing the damages.

"If the jury find for the plaintiffs, and believe that the plain-
tiffs were abandoning, or about to abandon the premises, then
the only substantial damages which they should recover are the
value of the property of the plaintiffs taken by the defend-
ants, after deducting therefrom the amount of the proceeds of
the property applied to the discharge or payment of any rent
which the plaintiffs owed the defendants, with interest for that
balance from that time to this, at six per cent. Why they were
abandoning, or about to abandon, is of no consequence in this
case."

It is objected by appellants that this instruction limits the
damages to the value of the property seized under the distress
warrant, allowing nothing for consequential damages, such as
the destruction of plaintiffs' business occasioned thereby.

In this there was no error, for if the relation of landlord

and tenant existed, and the entry was made to distrain for rent in arrear, no consequential damages could be allowed, and there was no evidence of the amount of such damages given to the jury.

In the aspect of the case, as presented by the testimony, we are inclined to think the instruction was substantially correct, and such as the case required.

Perceiving no error in the record the judgment must be affirmed.

*Judgment affirmed.*